UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

CASE NO.

CATHY DAVIS,

 Plaintiff,

v.

BAHAMAS PARADISE CRUISE LINE, LLC
a Florida company,

 Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

 Plaintiff, CATHY DAVIS sues Defendant BAHAMAS PARADISE CRUISE LINE, LLC and alleges:

1. This is an action in excess of $75, 000, exclusive of costs and attorney's fees.

2. Plaintiff CATHY DAVIS is a citizen of the state of Arizona and is sui juris.

3. Defendant BAHAMAS PARADISE CRUISE LINE is a Limited Liability Company with its principal place of business in Fort Lauderdale, Broward County, Florida.

4. This court has jurisdiction in this matter pursuant to 28 U.S.C. 1332. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. 1332. In the event that the court rules that this case does not come under diversity of citizenship jurisdiction, then plaintiff elects to proceed under the admiralty jurisdiction of the court.

5. At all times material hereto, Bahamas Paradise Cruise Line was authorized to transact

business and maintains an office and registered agent in Broward County, Florida.

6. At all-times material hereto, defendant personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial and not isolated business activity within this state.

   c. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

7. The causes of action in this complaint arise under the general maritime law of the United States.

8. Venue is proper because Defendant maintains an office and registered agent in Broward County, Florida and because Plaintiff's ticket requires that suit be filed in Broward County, Florida federal court.

9. At all times relevant to this action, Defendant was engaged in this business of providing to the public, for compensation, vacation cruises aboard its vessel, the Grand Celebration.

10. At all times material to this action, the Grand Celebration was located in navigable and/or territorial waters.

11. At all times material to this action, Defendant owned, operated, managed, maintained and/or controlled the Grand Celebration and its agents and/or employees.

12. On or about October 7, 2015, Plaintiff was a paying passenger onboard a cruise on the Grand Celebration.  A copy of her ticket and/or an exemplar ticket are in Defendant's possession.

13. During the cruise, Plaintiff contracted an illness (Norwalk Virus/Norovirus) from food contamination and/or unsanitary conditions on the cruise ship.

14. After disembarking the cruise ship, Plaintiff's condition worsened resulting in her being hospitalized in the intensive care unit. While hospitalized she became seriously ill requiring intubation and life support.

15. As a result of the illness and resulting complications, including those from the medical treatment, Plaintiff suffered serious injuries.

16. As a common carrier, Defendant owed a duty to the Plaintiff to exercise reasonable care under the circumstances, including, but not limited to, serving uncontaminated food and sanitizing and disinfecting the Grand Celebration so as to prevent an outbreak of the Norwalk Virus/Norovirus and/or other infectious diseases.

17. Defendant and/or its agents, servants, and /or employees reached its duty to provide Plaintiff with reasonable care under the circumstances.

18. Defendant and/or its agents, servants, and /or employees breached its duty to Plaintiff in some or all of the following ways:

a. failing to properly sanitize and/or disinfect the ship; and/or

b. serving contaminated food; and/or

c. failing to serve uncontaminated food; and/or

d. failing to practice safe and sanitary food practices; and/or

e. failing to properly eradicate the virus thought to be a Norwalk Virus/Norovirus or some other virus causing illness from the Grand Celebration; and/or

f. failing to take adequate steps to prevent an outbreak of the Norwalk Virus/Norovirus and/or other infectious diseases when it knew or should have known that such outbreaks had occurred on prior cruise voyages; and/or

g. failing to warn passengers of the dangers and risks of the Norwalk Virus/Norovirus

and/or other infectious diseases, including, but not limited to, failing to inform the passengers of the extent of the prior outbreaks and/or risks and/or symptoms; and/or

h. failing to timely diagnose the Norwalk Virus/Norovirus and or other infectious diseases; and/or

i. failing to perform testing on ill passengers to confirm the type and nature of the virus; and/or

j. failing to have adequate policies and procedures in place to manage and contain the outbreak and spread of Norwalk Virus/Norovirus and/or other infectious diseases; and/or

k. failing to provide a sanitary vessel and food to prevent outbreaks of infectious disease, including, but not limited to, inadequate and or ineffective cleaning/sanitary procedures and or lack of equipment and supplies; and/or

l. failing to take adequate steps to contain the spread of the norovirus and/or other infectious diseases, which it knew or should have known could cause other dangerous medical conditions, such as Plaintiff suffered.

34. Defendant knew or should have known of the risk of passengers contracting the Norwalk Virus/Norovirus and/or other infectious diseases and/or medical complications arising from it. Defendant knew of the foregoing conditions causing Plaintiff's illness/injuries and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

35. At all times relevant to this action, Defendant negligently failed to determine the hazards on and near the vessel to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard.

36. At all times relevant to this action, Defendant had exclusive custody and control of the Grand Celebration.

37. At all times relevant to this action, Defendant created the foregoing dangerous condition.

38. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All of the above caused Plaintiff to be injured.

39. As a direct and proximate result of Defendant's negligence, Plaintiff developed an illness and complications and was injured about her body and extremities and suffered and will continue to suffer significant and permanent injuries, physical pain, mental anguish, loss of enjoyment of life, disability, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost wages and her working ability has been impaired.  Plaintiff will continue to suffer the losses and/or impairments in the future. These injuries were foreseeable and a natural and probable consequence of Defendant's negligence.  In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff CATHY DAVIS demands judgement in her favor, including costs, pre and post judgement interest, and other relief this court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**MEISTER LAW, LLC**
44 West Flagler Street
Suite 750
Miami, Florida 33130
Office: (305) 590-5570

Facsimile: (305) 675-3787
TonyaJMeister@aol.com


BY: s/ Tonya J. Meister
**TONYA J. MEISTER**
FLORIDA BAR NO.: 0629243