CATHY DAVIS,

      Plaintiff,

v.

CRUISE OPERATOR, INC. d/b/a BAHAMAS
PARADISE CRUISE LINE, LLC,

      Defendant.

_____/

## ORDER

    **THIS CAUSE** is before the Court upon Defendant, Cruise Operator, Inc.'s ("Defendant") Verified Motion for Taxable Costs, ECF No. [40] (the "Motion"). The Court has carefully reviewed the Motion, the record, all supporting filings, the exhibits attached thereto, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied in part and granted in part.

## I.    BACKGROUND

    Plaintiff, Cathy Davis ("Plaintiff"), filed a negligence claim against Defendant alleging that she contracted the Norwalk Virus/Norovirus as a result of food contamination and unsanitary conditions while she was a passenger on board Defendant's ship. *See* ECF No. [5]. During the course of the proceedings, Defendant filed a Motion for Summary Judgment, which this Court

granted, finding that Plaintiff was unable to demonstrate that she contracted Norovirus or that she contracted it on board Defendant's ship.  *See* ECF No. [39].[1]

Defendant's Motion seeks to recover its taxable costs as the prevailing party in this action.  *See* ECF No. [40].  Specifically, Defendant seeks to recover taxable costs associated with service of subpoenas, deposition transcripts, and copy expenses in the total amount of $4,445.38. *See id.* Although the Court provided Plaintiff with additional time to respond to the Motion up to September 14, 2017, Plaintiff failed to file a response.  *See* ECF No. [41].  The Motion is now ripe for review.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees–should be allowed to the prevailing party."  Although the Court has broad discretion in determining taxable costs, a court may not award any costs that are not authorized by statute.  *See United States EEOC v. W&O, Inc*. 214 F.3d 600, 620 (11th Cir. 2000).  Here, Defendant seeks an award of costs pursuant to 28 U.S.C § 1920, which provides that the following costs are taxable:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for the use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C § 1920.

---

[1] Plaintiff failed to oppose Defendant's Motion for Summary Judgment.

When determining whether costs are taxable, the burden lies on the losing party to demonstrate that the cost is not taxable, "unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Vega v. Alvarez*, No. 14-21635-CIV, 2015 WL 11217233, at *1 (S.D. Fla. Sept. 21, 2015). Nonetheless, the prevailing party is still required to submit requests for costs with sufficient particularity so that the Court may determine what costs were incurred and whether the prevailing party is entitled to them. *Ferguson v. N. Broward Hosp. Dist.*, No. 10-61606-CIV, 2011 WL 2583754, at *3 (S.D. Fla. Aug. 15, 2011).

## III. DISCUSSION

In this case, it is undisputed that Defendant is the prevailing party; therefore, the Court must determine the amount of taxable costs Defendant may recover under § 1920. In the Motion, Defendant seeks to recover $4,445.38 for costs associated with service of subpoenas, deposition transcripts, and copy expenses. *See* ECF No. [40]. The Court will, therefore, analyze the taxability of each of these requested costs.

### A. Subpoena Costs

Defendant seeks to recover $1,385 in fees for service of subpoenas. *See* ECF No. [40]. In *W&O, Inc.*, the Eleventh Circuit held that "private process server fees may be taxed pursuant to § 1920(1)." *See EEOC*, 213 F.3d at 624. However, the costs of a private process server are taxable to the extent they do not exceed the current U.S Marshal Service rate of $65 per hour. *Id*; 28 C.F.R. 0.114(3). In the event that the fees of the private server exceed $65 per hour, the court should reduce the recovery to the amount charged by the Marshal. *See EEOC*, 213 F.3d at 624.

Here, Defendant seeks to recover costs for the following subpoenas: subpoena served on Records Custodian of Florida Hospital Medical Group in the amount of $55.00; subpoena served on Records Custodian of Central Florida Regional Hospital in the amount of $55.00; subpoena served on Records Custodian of Advanced Women's Health Specialists in the amount of $55.00; subpoena served on Records of North Seminole Family Practice & Sports Medicine in the amount of $55.00; subpoena served on Records Custodian of Regency Endocrinology in the amount of $55.00; subpoena served on Records Custodian of Dr. Ivan R. Rosado in the amount of $55.00; subpoena served on Records Custodian of Dr. Sampathkumar Sham in the amount of $55.00; subpoena served on Records Custodian of Arizona Kidney Disease & Hypertension Center in the amount of $100.00; subpoena served on Records Custodian of Arizona Community Physicians in the amount of $200.00; subpoena served on Records Custodian of St. Francis Health Services in the amount of $100.00; subpoena served on Records Custodian of Memorial Hospital North in the amount of $200.00; subpoena served on Records Custodian of Doctors Medical Group of Colorado Springs in the amount of $100.00; subpoena served on Records Custodian of Dr. Azmi Farag in the amount of $100.00; subpoena served on Records Custodian of Dr. David R. Meyers in the amount of $100.00; and subpoena served on Records Custodian of St. Elizabeth of Hungary Clinic in the amount of $100.00. *See* ECF [30-1] at 6-9,14-16, 19-26. For those invoices exceeding the $65 per hour maximum, the Court reduces those invoices accordingly. For all other invoices at or below the rate of $65 per hour, Defendant is awarded the requested amount. Therefore, Defendant is awarded $905 for those costs related to the service of subpoenas.

B. *Deposition Transcripts*

Deposition transcripts may be taxable under § 1920, wholly or in part, where deposition transcripts are "necessarily obtained for the use in the case" and not merely for the convenience of counsel. *Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012). Likewise, costs associated with videotaping depositions are also taxable under § 1920(2). *Morrison v. Reichhold Chems. Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). The Eleventh Circuit has specifically held that "a district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motion.'" *EEOC*, 213 F.3d at 621 (quoting *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)). Additionally, the Eleventh Circuit has held that the deposition of the losing party is taxable. *Id.* Here, Defendant seeks to recover $1,907.30 for the deposition transcript of Plaintiff as well as the cost associated with videotaping the deposition. *See* ECF No. [40]. As a preliminary matter, the Court finds that Plaintiff's deposition was necessary for use in the case as Plaintiff is a party and her deposition was filed in support of Defendant's Motion for Summary Judgment. *See* ECF No. [36-1].

Upon the Court's review of the deposition invoices, however, the Court takes note that fees for parking are included. *See* ECF No. [40-1] at 31. Parking is not a taxable cost under § 1920 and Defendant is precluded from recovering the $8.00 parking fee. Additionally, Defendant seeks to recover the cost associated with compressing Plaintiff's transcript in the amount of $15.00. *See* ECF No. [40-1] at 34. Such an expense is for the convenience of counsel and is not a cost necessarily incurred for use in the case, making it non-taxable. *Rodriguez*, 862 F. Supp. 2d at 1320. Therefore, Defendant may only recover $1,884.30 in costs associated with deposition transcripts.

C. *Copy Expenses*

Finally, Defendant seeks to recover $1,153.08 in copy expenses pursuant to § 1920(4). *See* ECF No. [40]. Copy expenses are recoverable if "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC*, 213 F.3d at 623. Although copies attributed to exhibits, discovery, and for the court's consideration are recoverable, copies for the convenience of counsel are not. *Desisto College v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 914 (M.D. Fla. 1989). The moving party seeking to recover copy costs must submit evidence demonstrating the purpose of the copies. *Monelus v. Tocodrain, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009). General copies lacking a description are not taxable. *Id.*

The Court's review of the invoices for copy expenses attached to the Motion reveals three invoices with duplicative descriptions. *See* ECF No. [40-1] at 4, 5, 12. Defendant's Motion fails to explain the necessity of the duplicative copies or otherwise address how these copies were not duplicative of one another. Consequently, the Court will only tax costs for invoice number 17984A dated January 3, 2017. On the other hand, invoice number 18327 dated January 3, 2017 and invoice 18542 dated February 28, 2017 will be excluded from the recoverable amount. *See* ECF No. [40-1] at 5, 12.

Similarly, the Court finds that other copies were made for the convenience of counsel, such as two invoices reflecting mediation copies. *See* ECF No. [40-] at 29, 30. Copies made for the convenience of counsel for use during mediation are not taxable costs. *See Desisto College*, 718 F. Supp. 2d at 914. Defendant makes no attempt to explain how such copies were necessary for use in the case as opposed to mere convenience copies. *See id*. Because such information is exclusively known to Defendant, it is Defendant's burden to come forward and justify the taxation of these costs. *Ferguson*, 2011 WL 2583754, at *3. Given Defendant's failure to

explain the need for these copies, invoice numbers 18731 and 18732 dated April 12, 2017 will also be excluded from the taxable amount. *See* ECF No. [40-1] at 29, 30.

Further review of the invoices provided in the Motion reveals one particular invoice that lacks a description as to its content. *See* ECF No. [40-1] at 32. This invoice fails to provide the Court with any relevant information, such as the quantity of documents copied, the copy rate, or a description of the documents. *Id.* Again, it is the burden of the moving party to provide an adequate description so that the Court may determine its taxability. *See Monelus*, 609 F. Supp. 2d at 1335. In this case, Defendant failed to provide any information to justify or otherwise explain these copy costs. As such, the Court will exclude invoice number 16417123 dated April 3, 2017 in the amount of $19.83 from the award. *See* ECF No. [40-1] at 32.

Also among the invoices attached to the Motion, Defendant submitted invoices for UPS delivery charges, attempting to tax them pursuant to § 1920(4). *See* ECF No. [40-1] at 35, 36. However, § 1920(4) does not authorize the taxation of costs for couriers, postage or package deliveries. For that reason, the Court finds that this $39.24 charge cannot be taxed.

Finally, the Court takes note that Defendant seeks to recover copy costs ranging from $10 per page to $.10 per page. Prior to taxing copy costs, the Court must determine whether the rate paid for copies is reasonable by determining its purpose and whether the copies are related to the case. *Monelus*, 609 F. Supp. 2d at 1335. Courts within this district have found that a rate of $.10 cents per page is reasonable, while $.15 cents per page is unreasonable absent factual support for an increased rate. *See Thermoset Corp. v. Bldg. Materials Corp. of America*, No. 14-60268-CIV, 2015 WL 11197752, *9 (S.D. Fla. Dec. 29, 2015); *see also James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007). On the high end, courts in this district have deemed $.14 cents per page to be reasonable. *Torres v. Rock & River Food Inc.*, No. 15-22882-CIV, 2017

WL 3492005, *1 (S.D. Fla. Aug. 11, 2017). For that reason, the following invoices will be reduced to the maximum rate of $.14 per page: 65 pages of medical records from Advanced Women's Health Specialist; 35 pages of medical records from Citrus Surgical Group PA; 588 pages for records from Central Florida Regional; 1 page of records from Central Florida Regional; 1 page of records from Camp Lowell Medical Specialist; 1 page of records from Central Florida Regional; and 115 pages of records from North Seminole Family Practice & Sports Medicine. As for invoice number 17984A, the requested $66.13 will be awarded in its totality because the $.10 per page copy rate is reasonable. *See* ECF No. [40-1] at 4. Therefore, the Court awards Defendant copy costs totaling $179.17.

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [40]**, is **DENIED IN PART AND GRANTED IN PART**. Defendant is awarded $905.00 in subpoena costs, $1,884.30 in deposition costs, and $179.17 in copy expenses for a total award of **$2,968.47.**

**DONE AND ORDERED** in Miami, Florida, 29th day of September, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record